IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

AMY MCALISTER,

    Plaintiff,

v.                                                 Civil Action No. CV-05-J-2631-NW

CITY OF MUSCLE SHOALS, et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion to dismiss (doc. 4) and the plaintiff's response (doc. 6).

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). See also *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th

Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").

With these standards in mind, the court considers the pleadings and motion before it. The plaintiff asserts in her complaint that, upon her arrest and placement in the Muscle Shoals city jail for drunk driving, she was placed in an area of the jail that was not safe for intoxicated female pretrial detainees. Complaint, ¶ 14. More specifically, she was placed in an area containing bunk beds or other sleeping areas which were above a concrete floor. Complaint, ¶ 14. The plaintiff was allowed to somehow get onto a top bunk and then fell or was pushed off of it, causing injuries to her head, face and eye.[1] Complaint, ¶ 14. The plaintiff contends that allowing such dangerous conditions to exist demonstrated a policy of deliberate indifference to the life, health and safety of intoxicated female pretrial detainees by defendants. Complaint, ¶¶ 15-16. The plaintiff therefore states claims for declaratory judgment that her Eighth and Fourteenth Amendment rights were violated (Count I), cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments (Count II), and state law negligence (Count III).

The defendants argue that the plaintiff, as a pretrial detainee, may not proceed under the Eighth Amendment. In her response, the plaintiff agrees that this is correct.

---

[1] The plaintiff does not assert that she was denied medical care for these injuries.

The motion to dismiss regarding the plaintiff's claims under the Eighth Amendment shall be granted by separate Order.

**The City of Muscle Shoals**

As to the plaintiff's Fourteenth Amendment claims, because these are § 1983 claims against a municipality, the court must examine two different issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1066; 117 L.Ed.2d 261 (1992).

Although the plaintiff frames this issue as whether the defendant city violated the plaintiff's right to be free from cruel and unusual punishment, the court is unable to merely assume that allowing the plaintiff use of a bunk bed is equivalent to a violation of her constitutional rights. Thus, the court first examines whether allowing beds, bunk or otherwise, in the cell where intoxicated female arrestees are held, is a constitutional violation.

The plaintiff, in responding to the motion to dismiss, offers no case where the provision of beds to intoxicated inmates, has been held to be unlawful.[2] Undertaking

---

[2]The court speculates on whether the plaintiff's "obvious intoxication" is even relevant to the issue of the dangerousness of bunk beds. Sober individuals can also fall out of bunk beds in their sleep, or slip trying to climb into a top bunk. This court finds no precedent for the proposition that bunk beds are per se dangerous to a point that they should not be permitted in jails or prisons. Additionally, the plaintiff does not argue that she should have been placed on the concrete floor and prohibited from use of a bed. Nor does the plaintiff suggest that, had she been

such research on its own, this court can find no case where the provision of beds to intoxicated pretrial detainees has been held to be so unreasonably dangerous as to constitute a violation of a detainee's constitutional rights.

The City also argues that it cannot be held liable for the violation of the plaintiff's civil rights based solely on the theory of respondeat superior. A municipality may not be held liable solely because it employs a tortfeasor, in other words, respondeat superior liability will not attach under § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). The plaintiffs must demonstrate a direct causal link between an official custom or policy and the alleged constitutional violation. *Snow v. City of Cintronelle, AL*, 420 F.3d 1262, 1271 (11th Cir. 2005). *See also Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036-37, 56 L.Ed.2d 611 (1978); *Collins*, 503 U.S. at 120-121, 112 S.Ct. at 1066.

Here, the plaintiff misunderstands her burden. In her response, the plaintiff states that she has "alleged that the City of Muscle Shoals has developed and maintained a policy of deliberate indifference to the life, health and safety of intoxicated female pretrial detainees..." Plaintiff's response, at 6. However, to get past this motion to dismiss, the plaintiff must allege that providing beds to intoxicated

---

on a cot, rather than a bunk bed, she would not have fallen out.

female pretrial detainees is a policy or an official custom of the City of Muscle Shoals and that such provision directly caused a violation of her constitutional rights. Municipal liability can attach under § 1983 only where a deliberate choice to follow a course of action is made from among various alternatives by city policymakers. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1205; citing *Pembaur v. Cincinnati*, 475 U.S. 469, 483-484, 106 S.Ct. 1292, 1300-1301, 89 L.Ed.2d 452 (1986). The plaintiff has not alleged that a specific policy or custom of the city exists which allowed the violations of the plaintiffs' rights.[3] *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 (11th Cir.1988) (the existence of an unconstitutional policy is an essential element of the plaintiffs' claims). Because plaintiff's allegations fail to state a claim upon which the plaintiff could prevail against defendant City of Muscle Shoals, the court is of the opinion that the motion to dismiss is due to be granted as to the claims against the City, and shall so Order.

**Police Chief Evans**:

Qualified immunity insulates government actors, in their individual capacities, from civil lawsuits as long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights. *Harlow v. Fitzgerald,* 457

---

[3]For example, an allegation that the City instructed and/or trained its jailers to place intoxicated female pretrial detainees in a bunk room would be an allegation of a specific policy.

U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Lassiter v. Alabama A & M University Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994).

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violated that right. This is not to say that an official action is protected by qualified immunity unless the very action is question has been previously held unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002). See also *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 599 (2004) ("If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation. It is important to emphasize that this inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition" (citation omitted)).

In a motion to dismiss context, the issue of qualified immunity is of particular importance. The Eleventh Circuit has instructed that:

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Behrens v. Pelletier,* 516 U.S. 299, 116 S.Ct. 834, 840, 133 L.Ed.2d 773 (1996) ("At the [12(b)(6)] stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'").

*Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir.2001).  To overcome a Rule 12(b)(6) motion based on the defense of qualified immunity, the plaintiff must allege conditions that, in the light of the already clearly established law at the time of the incident, obviously amounted to deliberate indifference to the plaintiff's constitutional rights.  *See id.*, at 1028.

Plaintiff argues that the defendant police chief is liable because "housing or holding prisoners or detainees in conditions which are known to be unreasonably dangerous is a clear violation of the Eighth or Fourteen Amendment." Plaintiff's response 5.  Defendant Evans responds that he was not deliberately indifferent as required for plaintiff to get past qualified immunity, because jail policy violated no clearly established statutory or constitutional right of which a reasonable person should have known.[4]

The plaintiff makes no allegation of any specific action taken by the defendant police chief.  The police chief cannot be held liable on a theory of respondeat superior, rather the plaintiff must establish that the he himself was deliberately

---

[4] Of course, had the defendants' policy been to prohibit any beds in cells holding intoxicated individuals, the court would be writing an opinion about whether the lack of any bed in a cell was cruel and unusual punishment. See e.g. *Zolnowski v. County of Erie,* 944 F.Supp. 1096, 1113 (W.D.N.Y.1996) (the use of mats for sleeping on floors by prisoners violates both their Eighth Amendment and due process rights").

indifferent. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115 (11th Cir.2005); *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992). If there is no deliberate indifference, there can be no violation of a constitutional right and hence no § 1983 liability. *See e.g., Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir.2001).  The plaintiff has not argued that defendant Evans knew or should have known that some jailer was negligent in placing the plaintiff in the cell in question. She does not claim that the provision of beds is per se unconstitutional, but rather relies on the allegation that "known unreasonably dangerous conditions ... existed in the area in which the plaintiff was placed."  Plaintiff's response, at 3.  The court finds such vague accusations insufficient to state a claim upon which relief could be granted for harm caused by "deliberate indifference."

Having considered the foregoing, the court is of the opinion that the plaintiff has failed to allege a set of facts under which relief could be granted against defendant police chief based on violations of her constitutional rights. The court shall therefore grant the motion to dismiss defendant Evans by separate Order.

The remaining claim of the plaintiff is based solely in state law.  While this court has supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a), the court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  Because resolution of that count of the plaintiff's complaint

depend on determinations of state law, that claim is best resolved by the Alabama courts. *See Baggett v. First National Bank of Gainesville,* 117 F.3d 1342, 1352-1353 (11th Cir.1997). The court notes that the plaintiff's state law claims will not be barred by the statutes of limitations in light of the tolling provisions of 28 U.S.C. § 1367(d).

**DONE** this 2nd day of February, 2006.

*/s/ Inge Prytz Johnson*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE